IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TAKEDA PHARMACEUTICALS U.S.A., INC.,

    *Plaintiff,*

    v.

PAR PHARMACEUTICAL COMPANIES, INC.
and PAR PHARMACEUTICAL, INC.,

    *Defendants.*

Civil Action No.: 13-cv-1524-SLR

---

TAKEDA PHARMACEUTICALS U.S.A., INC.,

    *Plaintiff,*

v.

AMNEAL PHARMACEUTICALS, LLC,

    *Defendant.*

Civil Action No.: 13-cv-1729-SLR

---

TAKEDA PHARMACEUTICALS U.S.A., INC.,

    *Plaintiff,*

    v.

WATSON LABORATORIES, INC.,

    *Defendant.*

Civil Action No.: 14-cv-268-SLR

**[PROPOSED] JOINT SCHEDULING ORDER**

At Wilmington this __23rd__ day of September, 2014, the parties having satisfied their

obligations under Fed. R. Civ. P. 26 as described in the court's order for a scheduling

1

conference; and the court having conducted its case management conference pursuant to Fed. R.
Civ. P. 16 and D. Del. LR 16.1(a) and (b);

IT IS ORDERED that:

1.   **Fact Discovery**.

(a)   All fact discovery shall be commenced in time to be completed by **April 17, 2015**.

(b)   **Initial Disclosures**.[1]  Absent agreement among the parties:

(1)   The parties have exchanged the following information identified at
the Rule 26(f) conference (a) disclosures pursuant to Fed. R. Civ. P. 26(a); (b) List of likely ESI
custodians and potential sources of information; and (c) List of proposed ESI search terms.

(2)   On or before **October 2, 2014**, plaintiff shall identify the accused
product(s)[2] and its damages model, as well as the asserted patent(s) the accused product(s)
allegedly infringe(s). Plaintiff shall also produce the file history for each asserted patent.

(3)   Defendants have produced to plaintiff the core technical documents
related to the accused product(s), sufficient to show how the accused product(s) work(s),
including but not limited to non-publicly available operation manuals, product literature,
schematics, and specifications.  Defendants shall also produce sales figures for the accused
product(s).

(4)   On or before **October 16, 2014**, plaintiff shall produce an initial
claim chart relating each known accused product to the asserted claims each such product
allegedly infringes.

---

[1] The court recognizes that the initial disclosure process contemplated herein has already
taken place, in large measure, through the contents of the Paragraph IV letter in ANDA cases.

[2] Including accused methods and systems.

2

(5)   On or before **November 17, 2014**, defendants shall produce their initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

(c)   **Document production**.

(1)   Maximum of **100** requests for production by each party to any other party.

(2)   Discovery of paper and electronic documents shall be completed on or before **January 23, 2015**.

(d)   **Depositions**.

(1)   No deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production unless agreed to by all parties.

(2)   The number of depositions (and any other issues related to discovery) shall be addressed by the Court at a status conference on **January 26, 2015 at 4:30 p.m.**

(3)   Depositions shall last 7 hours absent agreement by the parties with the exceptions that: (1) the deposition of **Matthew Davis** shall last up to 14 hours; and (2) the time for any deposition in which the witness testifies in a language other than English shall be doubled.

(e)   **Written Discovery**.

(1)   Maximum of **25** interrogatories by each party to any other party, including the interrogatories parties previously served in cases C.A. Nos. 13-cv-1524 and 13-cv-1729.

3

(2)    Final infringement contentions[3] shall be due on or before **May 15,**

**2015**.

(3)    Final invalidity contentions shall be due on or before **May 15, 2015**.

(4)    Maximum of **50** requests for admission by each party to any other

party, with no limit on admissions regarding authenticating documents.

(f)    **Supplementation**. No later than **April 30, 2015**, the parties must finally

supplement, *inter alia*, the identification of all accused products and of all invalidity references.

2.    **Joinder of Other Parties and Amendment of Pleadings**. All motions to join other

parties and/or to amend pleadings shall be filed on or before **October 28, 2014**.

3.    **Willfulness**. Not Applicable.

4.    **Settlement Conference**. Pursuant to 28 U.S.C. § 636, this matter is referred to a

Magistrate Judge[4] for the purposes of exploring ADR.

5.    **Claim Construction**.[5]

(a)    The parties shall exchange lists of those claim terms in need of construction

(along with their respective proposed constructions) on or before **December 5, 2014**.  The parties

shall have, to the extent necessary, a supplemental exchange of claim terms in need of

construction (along with their respective proposed constructions) on or before **December 19,**

**2014**.

---

[3] The adequacy of all such contentions shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

[4] The court may also refer ADR to a Special Master.

[5] The parties must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning.  Any language not so identified will be construed according to its ordinary meaning.

4

(b)    The parties shall agree upon and file a Joint Claim Construction Statement on **January 9, 2015**. For any contested claim limitation, each party must submit a proposed construction.[6]

(c)    Plaintiff shall serve and file its opening brief on claim construction on or before **February 13, 2015**.

(d)    Defendant shall serve and file its answering claim construction brief on or before **March 13, 2015**.

(e)    Plaintiff shall serve and file its reply brief on or before **April 3, 2015**.

(f)    Defendant shall serve and file its surreply brief on or before **April 24, 2015**.

(g)    The court shall conduct a hearing on claim construction on **May 4, 2015 at 1:00 p.m.**.[7]

(h)    The court shall issue its decision on claim construction on or before **June 4, 2015**.

(i)    The court shall thereafter conduct a status conference on ___June 16, 2015 4:30 pm___, the purpose of which is to discuss the scope of the case (vis a vis the number of patents, claims, products, prior art references, etc.) and determine whether any limits need to be imposed to focus the case prior to expert discovery.

6.    **Expert Discovery**.

(a)    All expert discovery shall be commenced in time to be completed by **September 29, 2015**.

---

[6] Resorting to "plain and ordinary" meaning is not sufficient, as it effectively leaves claim construction in the hands of the experts rather than the court.

[7] Unless otherwise directed, the court shall conduct its proceedings in courtroom 4B, fourth floor United States Courthouse, 844 King Street, Wilmington, Delaware.

(b)   Expert reports on issues for which the parties have the burden of proof shall be served on or before **July 2, 2015**.   Rebuttal expert reports shall be served on or before **July 31, 2015**. Supplemental reports (on, e.g., secondary considerations of obviousness) shall be served on or before **August 20, 2015**.

(c)   Expert depositions are limited to a maximum of 7 hours, absent agreement of the parties or order of the court.

(d)   The court shall conduct an in-person status conference on **October 8, 2015 at 4:30 p.m.**, if the parties have any issues regarding expert discovery.  No *Daubert* motions or motions to strike expert testimony shall be filed unless discussed with the court at this conference and the court deems a motion practice appropriate.

7.   **Fact Witnesses to be Called at Trial**. On **October 8, 2015**, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony) who has previously been disclosed during fact discovery and that it intends to call at trial. On **October 23, 2015**, each party shall serve a list of each rebuttal fact witness disclosed during fact discovery that it intends to call at trial.  The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case.  Such deposition shall be held by **November 10, 2015** and shall be limited to twenty (20) hours per side in the aggregate absent agreement of the parties or order of the court.

8.   **Communications with the Court**.

(a)   Absent express approval by the court, any application to the court for relief shall be by written motion filed with the clerk.  The court will not consider applications and requests submitted by letter or in a form other than a motion.

(b)   No telephone calls shall be made to chambers.

6

(c)     Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "E-mail Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on the court's website and e-mail the completed forms to slr_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency. **NO ATTACHMENTS** shall be submitted in connection with said e-mails.

(d)     To be considered timely filed, all papers shall be electronically filed on or before 8:00 p.m. Eastern Time.

9.     **Motions in Limine**. No motions in limine shall be filed.  Instead, the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

10.     **Pretrial Conference**. A pretrial conference shall be held on **November 16, 2015 at 4:30 p.m**. The Federal Rules of Civil Procedure and D. Del. LR 16.3 shall govern the pretrial conference.

11.     **Trial**. This matter is scheduled for a _____ bench trial commencing on **November 30, 2015.**  For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their evidence and argument.

_____
United States District Judge